# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL GARCIA, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. EDCV 17-01396-JEM <br><br> MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On July 12, 2017, Juan Manuel Garcia ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on October 25, 2017. On August 2, 2018, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 50 year-old male who applied for Social Security Disability Insurance benefits on December 23, 2013, alleging disability beginning August 10, 2011. (AR 17.) The ALJ determined that Plaintiff engaged in substantial gainful activity during the following period: April 29, 2013, to June 10, 2013. (AR 19.)

Plaintiff's claim was denied initially on March 14, 2014, and on reconsideration on May 22, 2014. (AR 17.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Dante M. Alegre on November 17, 2015, in San Bernardino, California. (AR 17.) Plaintiff appeared and testified at the hearing with the assistance of a Spanish interpreter and was represented by counsel. (AR 17.) Vocational expert ("VE") Robin L. Generaux also appeared and testified at the hearing. (AR 17.)

The ALJ issued an unfavorable decision on January 29, 2016. (AR 17-24.) The Appeals Council denied review on May 12, 2017. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can

still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff engaged in substantial gainful activity during the period of April 29, 2013, to June 10, 2013, and thus Plaintiff's claim is denied for that period. (AR 19.) There has been a continuous 12-month period(s) during which Claimant did not engage in substantial gainful activity. The remaining findings address the periods Claimant did not engage in substantial gainful activity. (AR 19.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairment: lumbar degenerative disc disease. (AR 19-20.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 20.)

4

The ALJ then found that Plaintiff had the RFC to perform less than medium work as defined in 20 CFR § 404.1567(c), with the following limitations:

Claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently;

can sit, stand, and/or walk for six hours, each, out of an eight-hour workday; and

can do frequent climbing, stooping, bending, crouching and crawling.

(AR 20-23.) In determining the above RFC, the ALJ made an adverse credibility determination that Plaintiff's subjective symptom allegations were "not entirely credible" based on the medical evidence and other evidence of record. (AR 21.)

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a garbage collector. (AR 24.)

Consequently, the ALJ found that Claimant has not been under a disability, as defined in the Social Security Act, from August 10, 2011, through the date of the ALJ decision. (AR 24.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's subjective symptom allegations. The ALJ's RFC is supported by substantial evidence.

**I.      THE ALJ DID NOT ERR IN DISCOUNTING PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS**

**A.      Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80

F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.  Analysis**

Plaintiff alleges he is disabled as a result of a back impairment that causes pain in his upper and lower back and neck. (AR 21.) The ALJ did determine that Plaintiff has the severe medically determinable impairment of lumbar degenerative disc disease. (AR 19.) Nonetheless, the ALJ also assessed Plaintiff with an RFC for less than medium work with limitations. (AR 20.) In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's impairment reasonably could be expected to cause some of his alleged symptoms. (AR 21.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely credible." (AR 21.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

Plaintiff argues that the ALJ's finding that Plaintiff is "not entirely credible" is impermissible boilerplate, but the ALJ supported this finding with numerous reasons supported by substantial evidence. First, the ALJ found that Plaintiff's subjective symptom allegations

were inconsistent with the objective medical evidence. (AR 21-23.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ found limited, mild positive objective findings that do not support a finding of disability. (AR 21-23.) There are sparse physical examination findings that include lumbar spine tenderness, muscle guarding, and joint tenderness. (AR 21.) Diagnostic test results indicate mild central canal stenosis and bilateral radiculopathy. (AR 22.) Examinations indicated normal musculosketal finding except for slight tenderness. (AR 22.) Treatment notes from 2013 to 2015 reveal that Plaintiff stopped complaining about back pain and receiving treatment for back pain. (AR 22.) Exam results indicated normal back and musculoskeletal range of motion, normal strength, no weakness, and negative straight leg test. (AR 22.) The ALJ gave great weight to the May 2014 opinion of the consulting examiner Dr. Vincent Bernabe. Positive findings were limited to tenderness to palpation, decreased range of motion in the lumbar region, and left shoulder tenderness with other findings within normal limits. (AR 23.) Dr. Bernabe concluded that Claimant was capable of medium work with limitations, an RFC largely adopted by the ALJ. (AR 23.) No reliable medical source statement from any physician endorsed the extent of the Claimant's alleged functional limitations.[1] (AR 21.) Other than stating applicable law that the ALJ's adverse

---

[1] The ALJ appropriately gave little weight to workers' compensation medical source statements. (AR 23.) Workers' compensation disability ratings are not controlling in disability cases decided under the Social Security Act and the terms of art used in California workers' compensation proceedings are not equivalent to Social Security disability terminology. Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576 (9th Cir. 1988); Macri v. Chater, 93 F.3d 530, 544 (9th Cir. 1996); Booth v. Barnhart, 181 F. Supp. 2d 1099, 1104 (C.D. Cal. 2002); see also 20 C.F.R. § 404.1504. Under California workers' compensation guidelines, work capacity is not based on strength but on whether a claimant sits, stands, or walks most of the day. Desrosiers, 846 F.2d at 576; Booth, 181 F. Supp. 2d at 1104-05. The categories of work under the Social Security Act "are measured quite differently. They are differentiated primarily in step increases in lifting capacities." Desrosiers, 846 F.2d at 576. Also, under state law a claimant is disabled if unable to perform his or her prior work whereas a claimant for Social Security benefits is not disabled if he or she can do alternate work in the national economy, which obviously is a higher burden. Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984); Silva v. Colvin, 2013 WL 6859263, at *5 (C.D. Cal. Dec. 30, 2013). The ALJ noted these differences in his decision here.

credibility determination cannot rely solely on the lack of corroborating medical evidence, Plaintiff presents no argument challenging the ALJ's assessment of the medical evidence and cites no medical evidence supporting his allegations.

Second, the ALJ found that Plaintiff had received conservative treatment for his back pain. (AR 21.) The lack of aggressive treatment suggests that Plaintiff's symptoms were not as great as alleged. (AR 21.) An ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039. Plaintiff does not dispute that he received only conservative treatment.

Third, the ALJ found that Plaintiff did not stop working due to pain or medical reasons but because he was laid off. (AR 21, 37.) Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (subjective allegations not credible because he was laid off, not injured). Plaintiff does not dispute this reason given by the ALJ for discounting his credibility.

Fourth, the ALJ found that Plaintiff's daily activities were inconsistent with disabling limitations, which is a legitimate basis for discounting credibility. Bunnell, 947 F.2d at 345-46. Here, the ALJ found that Claimant engages in a multitude of activities that reflect relatively normal levels of activity. (AR 21.) The ALJ observed that Claimant cares for his child when his wife is working, does chores, and walks over a mile at a time. (AR 21, 22.) He does housework, laundry, driving, shopping, and cooking and has difficulty only when lifting heavy objects. (AR 22.) He was riding his bike several days per week in 2014. (AR 22.) Plaintiff argues that these activities do not establish he can work, but even so the activities suggest Claimant's claims about the severity of his limitations were overstated. Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009); see also Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment").

---

(AR 23.) Plaintiff, moreover, does not cite to any workers' compensation medical sources in the Joint Stipulation.

Plaintiff only challenged the ALJ's finding that Plaintiff's disabling activities were inconsistent with disability. He did not challenge the other three reasons given by the ALJ for discrediting Plaintiff's subjective symptom allegations. Thus, even if the ALJ's finding regarding inconsistent daily activities was invalid, the error would be harmless because the ALJ provided other valid reasons supported by the record for discounting Plaintiff's credibility. Batson v. Comm'r Soc. Sec. Adm., 359 F.3d 1190, 1196 (9th Cir. 2004).

Plaintiff challenges the ALJ's interpretation of the record but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

The ALJ non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: November 6, 2018

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE